IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEB NAVIGATION TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | C.A. No. 13-1204-MSG |
| LINKEDIN CORPORATION | § § § | |
| *Defendant.* | § § | |

## JOINT RULE 26(f) REPORT

In accordance with Fed. R. Civ. P. 16 and 26(f) and Your Honor's Policies and Procedures, Plaintiff Web Navigation Technologies, LLC ("WebNav") and Defendant LinkedIn Corporation ("LinkedIn"), by and through their undersigned attorneys, participated in a telephonic Rule 26(f) meeting on January 13, 2014 and respectfully submit this Joint Rule 26(f) Report outlining the parties' proposed discovery plan.

1. <u>Rule 26(a)(1)(A) Initial Disclosures.</u> The parties agree to complete their exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) no later than January 31, 2014.

2. <u>Joining Other Parties and Amending the Pleadings.</u> Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by July 10, 2014, including any defense based on inequitable conduct.

3. <u>Discovery</u>.

    a. <u>Nature and Basis of Claims and Defenses</u>

WebNav's complaint alleges that LinkedIn infringes a single patent, U.S. Patent No. 6,993,531 ("the '531 patent"), entitled "System and Method of Routine Navigation." There are

four independent claims in the '531 patent (Claims 1, 2, 4, and 5), and one dependent claim (Claim 3). Claim 1 is reproduced below:

> A system for navigating through a plurality of user specified web pages, said system comprising:
>
> a routine having a list of user specified web pages for repeated user navigation and viewing with a web page viewer;
>
> means for sequentially moving from a first web page in said routine to a second web page in said routine;
>
> wherein said moving means comprises:
>
> means for advancing from said first page in said routine to said second page in said routine;
>
> means for returning to said first page in said routine from said second page in said routine; and
>
> further comprising a banner positioned on the periphery of a viewed page, wherein said advancing means and said returning means are positioned on said banner.

The complaint alleges that LinkedIn infringes based on a website – www.pulse.me – that LinkedIn now owns and operates, which allegedly provides a system for navigating through a plurality of user specified web pages. (*See, e.g.,* D.I. No. 1 at ¶17.)

LinkedIn denies that it infringes any claim of the '531 patent and alleges that the '531 patent is anticipated by multiple prior art publications that disclose navigation through a plurality of user-specified web pages. LinkedIn alleges that, at the very least, the prior art renders the claims of the '531 patent obvious. LinkedIn also alleges that the claims also are directed to non-patentable subject matter.

      b.    <u>Subjects for Discovery.</u>

Under Fed. R. Civ. P. 26(f)(3)(B), the parties identify, without limitation, the following subjects on which discovery may be needed: (1) infringement and non-infringement of the '531 patent, including a review of source code related to the accused Pulse System under the

protections offered by an appropriate Protective Order, (2) any prior art/invalidity issues raised by LinkedIn including the prior art identified by LinkedIn and any indicia of non-obviousness claimed by WebNav, (3) the conception and reduction to practice of the '531 patent, (4) the prosecution of the '531 patent, (5) damages, including sales, revenue and profit data, click through and conversion data and other website analytics data for the Pulse System, licensing of similar technology, and other factors set forth in the *Georgia-Pacific* line of cases regarding reasonable royalty damages, and (6) willfulness and knowledge of the '531 patent.

       b.    <u>Fact Discovery Cut-Off.</u>  All fact discovery in this case will be initiated so as to be completed on or before January 22, 2015.

       c.    <u>Document Production.</u>  Discovery of paper and electronic documents will be substantially completed on or before October 24, 2014.

       d.    <u>Requests for Admission.</u> A maximum of 50 requests for admission are permitted for each side, excluding requests for admission as to the authenticity of documents, which will be limited to a reasonable number.

       e.    <u>Interrogatories</u>.  A maximum of 25 interrogatories, including contention interrogatories, are permitted to be served by each party against each other party.

       f.    <u>Depositions</u>.  The parties will be limited to 10 non-expert depositions per side, of seven hours each, except that a named inventor on the patents-in-suit may be deposed for up to 14 hours.  For good cause shown, the parties may seek an order from the Court permitting additional depositions.

       g.    <u>Privilege</u>. The parties will address the following issues about claims of privilege or protection of trial-preparation materials in a proposed Protective Order, which shall be submitted to the Court in due course.

Consistent with the Delaware Default Standard for Discovery, the parties agree that with respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.  In addition, the parties agree that activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B) and that communications with experts, draft expert reports, notes, or outlines of draft expert reports are exempt from discovery under Fed. R. Civ. P.  26(b)(4)(B) and (C).  The parties agree that any documents or information not produced to the other side on the basis of privilege or discovery exemption will not be used as an exhibit at trial.

      h.      <u>Default Standard for Discovery.</u>  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware provided that the parties agree that neither party must provide the disclosures required by Section 3.  During their Rule 26(f) conference, the parties discussed how collection would proceed.  Both parties currently intend to perform targeted collections designed to locate documents responsive to the other's requests subject to any objections that may have been raised.

      i.      <u>Expert Discovery</u>.  All expert discovery in this case will be initiated so as to be completed on or before June 22, 2015.

            i.      <u>Disclosure of Expert Testimony</u>.  Expert reports on issues for which a party has the burden of proof are due on or before March 22, 2015. Rebuttal expert reports are due on or before April 22, 2015. Supplemental reports for any issues on which a party in rebuttal carried a burden of production (for, e.g., secondary considerations of non-obviousness) are due on or before May 22, 2015.

        ii.       <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Fed. R. Evid. 702, it will be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. The briefing of any such motion will be in accordance the schedule for dispositive motions set forth herein.

        j.       <u>Discovery Disputes</u>. The parties understand that the Court encourages the submission of routine discovery disputes through the scheduling of a telephone conference. If a motion to compel is filed under Local R. Civ. P. 26.1(g), the motion shall not exceed five (5) pages, shall not contain exhibits, and shall not include a brief or memorandum of law, unless the motion involves the invocation of a privilege. The certification required under Local R. Civ. P. 26.1(f) must state what efforts were made to resolve the dispute. If the Court's intervention is required, the Court may impose sanctions in favor of the prevailing party, if warranted.

        k.       <u>Service of Discovery and other Materials</u>. Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of written discovery and objections and responses thereto and service of any other documents not otherwise filed and served via the Court's ECF system, may be accomplished via electronic mail. For materials that are too voluminous for email, the parties agree that exchange by FTP site or similar means will be acceptable. When materials are served under this section they shall be deemed served when received as if served by hand delivery. This provision does not prohibit a party from serving any such materials via other means permissible under the Federal Rules of Civil Procedure.

    4.       <u>Application to Court for Protective Order</u>. The parties agree a protective order is appropriate and will work together in good faith to submit one shortly.

5. <u>Claim Construction Issue Identification</u>.  The parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms by May 22, 2014.  The parties shall meet and confer to prepare a joint claim construction chart to be submitted on June 22, 2014, with the claim chart separately docketed.

6. <u>Claim Construction Briefing</u>.  The parties shall contemporaneously file initial briefs on claim construction issues on July 22, 2014, along with a declaration from any expert that a party wishes to offer as extrinsic evidence and whom the party may call to testify at the claim construction hearing.  Any such declaration must be sufficiently specific to permit a meaningful deposition of the expert and generally comply with the requirements for expert reports in Rule 26 of the Federal Rules of Civil Procedure.  Responsive briefs shall be contemporaneously filed on September 2, 2014, along with any rebuttal declarations from experts.

7. <u>Hearing on Claim Construction.</u>  On a date set by the Court, the Court will hear argument on claim construction.  The parties will notify the Court, by joint letter submission, no later than the date on which their responsive claim construction briefs are due, whether they request leave to present testimony at the hearing and what amount of time the parties request for the hearing.

8. <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion will be served and filed on or before July 22, 2015. All oppositions to dispositive motions will be filed on or before August 5, 2015. All replies in support of dispositive motions will be filed on or before August 19, 2015.

9. <u>Settlement</u>. The parties are amenable to voluntary early (*e.g.*, pre-*Markman*) mediation, but they do not believe entry of a Court Order requiring early mediation is necessary at this time.

10. <u>Trial Scheduling Conference.</u> The parties respectfully suggest that the Court hold a conference shortly after the date on which the parties will have filed dispositive motions, to discuss the scope of the case, appropriate dates for a pretrial conference and trial, and the length of the trial.

11. <u>Trial</u>.

The parties currently expect the trial to last five days.

| | |
|---|---|
| BAYARD, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| */s/ Stephen B. Brauerman* | */s/ Jack B. Blumenfeld* |
| Richard D. Kirk  (#0922) | Jack B. Blumenfeld (#1014) |
| Stephen B. Brauerman (#4952) | 1201 North Market Street |
| Vanessa R Tiradentes (#5398) | P.O. Box 1347 |
| Sara E. Bussiere (#5725) | Wilmington, DE 19899 |
| 222 Delaware Avenue, Suite 900 | (302) 658-9200 |
| Wilmington, DE  19801 | jblumenfeld@mnat.com |
| (302) 655-5000 | |
| rkirk@bayardlaw.com | Attorneys for Defendant |
| sbrauerman@bayardlaw.com | |
| vtiradentes@bayardlaw.com | |
| sbussiere@bayardlaw.com | |
| | |
| Attorneys for Plaintiff | |